A. R. A. Rystad, Appellee, v. Drainage District No. 12, et al., Appellants.

**Drainage:** APPEAL: PETITION: SUFFICIENCY. A party appealing from
1 an assessment for drainage purposes made by a board of super-
visors, who sets out in his petition the several assessments re-
ported to the board and the amount thereof, the objections
made thereto and the confirmation of the assessments, and fol-
lows the same by specific objections and the grounds upon which
he demands a reduction, sufficiently complies with the statute
requiring that he shall file his petition at the next succeeding
term of court, setting forth the order or decision appealed from
and his claim and objections relating thereto.

**Same:** ASSESSMENTS: PRESUMPTION. On appeal from a drainage
2 assessment made by the commissioners it will be presumed that
they have considered all the evidence bearing on the question
of benefits, in the absence of a contrary showing; but if it
appears that they have refused to consider evidence having a
legitimate bearing on the question of assessments, and the trial
court has rectified the error by a proper modification of the
assessments, its finding will not be disturbed. In this instance
the assessments as reduced by the trial court are upheld.

*Appeal from Buena Vista District Court.*—Hon. A. D.
Bailie, Judge.

Friday, October 25, 1912.

Appeal from judgment of the district court reduc-
ing the assessment made upon plaintiff's land for the con-
struction of a ditch.—*Affirmed.*

*Jomes De Land,* for appellants.

*F. H. Helsell,* for appellee.

Weaver, J.—This appeal involves no objection to

the regularity of the proceedings by which the drainage district was established and. the ditch excavated. The single question raised, though variously stated, goes to the alleged excessive assessment upon the lands of the plaintiff. This assessment the plaintiff alleges is excessive, is not in proportion to the benefits derived by his land from the improvement, and that the classification of said lands was not fixed according to the benefits; his land being already drained, in whole or in part, by a ditch constructed at his own expense, thereby reducing the benefits which might otherwise result from the public ditch. The plaintiff's land consists of four forty-acre tracts, upon which the assessments as levied by the board of supervisors range from $124.95 to $1,347.97 and aggregate $2,777.15. Upon appeal, the district court reduced the assessment upon one tract from $1,347.97 to $950, and upon another from $941.35 to $625. From this ruling the present appeal has been taken on behalf of the drainage district.

I. Appellants first assign error upon the ruling of the district court denying their motion to dismiss plaintiff's appeal from the assessment made by the board of supervisors. The grounds stated for the motion are, first, that °no right of appeal exists in such cases; and, second, that plaintiff failed to file a petition as required by statute. The first objection is not urged in argument, and we shall not consider it.

In support of the second objection, reliance is placed on the statutory provision that an appealing party shall "on or before the first day of the next succeeding term of the district court file a petition setting forth the order or decision appealed from and his claims and objections relating thereto." Chapter 118, Acts 33d G. A. The plaintiff did file a petition within the proper time; but defendants insist that it is insufficient, because it does not set out a full or

1. DRAINAGE: appeal: petition: sufficiency.

true copy of the order appealed from, and this failure, it is said, operates as a waiver of the appeal. There was no error in overruling the motion. Turning to the petition, we find it does state the several assessments reported by the commissioners and the amount thereof, the objections made thereto, and the confirmation of such assessments by the board. It then proceeds to state specifically plaintiff's objections to the assessment and the alleged reasons upon which he demands a reduction thereof. This, we think, was sufficient. It comes fairly within the letter of the statute, and is clearly as full and specific as was necessary to apprise the defendants of the very questions to be considered.

II. The objection made, that plaintiff receives no benefit from the improvements, and that his assessment should, at most, be for a nominal sum only, was without merit. He was a principal promoter and petitioner for the ditch, and it is clearly apparent that his lands were materially improved in quality and value by reason of this drainage. Indeed, he has not appealed from the assessment as fixed by the district court, and the only question we have to determine is whether, upon the record, the district court erred in its judgment that the assessments made by the board be reduced from an aggregate of $2,777.15 to $2,062.83.

*2. SAME: assessments: presumption.*

It appears that the drainage district includes thirty-two forty-acre tracts of farm land, eighteen town lots, certain highways of two townships, and a section or part of the Minneapolis & St. Louis Railway. The total expense to be provided for was $10,083.94. Of this sum $1,364 was assessed upon the railway and the highway districts, and $185.74 upon town lots, leaving $8,531 to be apportioned upon the farm lands. Plaintiff's farm constitutes in area 12½ percent of such lands. The assessment made by the board charges him with 32½

percent of the sum apportioned to the agricultural lands, and the reduced amount fixed by the court is about 23 percent thereof. It is, of course, true that the various elevations of these tracts and their general topography is doubtless such as to make more or less variation in the benefits derived from the ditch, and consequent differences in the amounts with which they should severally be charged. It is equally true that the apportionment should be made upon a plan which will equalize the burden among those benefited by the improvement as nearly as is possible, in view of all the circumstances. As we have had frequent occasion to suggest, the consideration of appeals of this nature is a matter of much difficulty for this court; it being scarcely possible from the printed record to obtain a clear and comprehensive view of all the facts and circumstances affecting the situation. Where the question is one turning upon mere estimates of benefits or values, and it appears that the supervisors have taken into consideration all the evidence bearing thereon (and, in the absence of any record to the contrary, they will be presumed to have done so), we are always strongly inclined to sustain their assessment, where is can be done without ignoring the rule giving effect to the findings of the trial court upon disputed facts. If, however, it is made to appear, or is admitted, that the supervisors refused to consider evidence bearing legitimately upon the matter of assessment, or their finding is clearly against the evidence, and the trial court has rectified the error by modifying such assessments, there is no good reason why we should reverse its judgment.

In the case before us it is shown without controversy that, prior to the organization of the drainage district, plaintiff had undertaken to drain his land by purchasing at large expense an outlet upon the lands of a neighbor, and by laying large tile from the principal pond on his land to this outlet. The plan of the public ditch con-

templates a connection between it and the plaintiff's private ditch, thus increasing the carrying capacity of the system. That this ditch did not completely drain his land is doubtless true; but it did drain much of the surface water, and to a considerable degree reclaimed the land. In other words, this private drainage did add materially to the quality of the land and thereby, we must presume, added to its value. To this extent the amount of benefit which would have resulted to the land from the public ditch is necessarily less than it would have been, had the land been wholly undrained when the public enterprise was entered upon. Whether this element was considered in making the assessment is not entirely clear, and the testimony of the commissioners with respect thereto is not entirely consistent. The record as a whole and the result reached by the board of supervisors convince us, however, that the allowance to plaintiff on this account was merely nominal, and such, we conclude, was the view of the trial court.

We shall not undertake any synopsis of the evidence. It is enough to say that, in addition to the matters already mentioned, there was other testimony, expert and non-expert, tending to show that plaintiff's land was given too high a classification on account of benefits resulting in an excessive assessment. This, of course, was not admitted by the defendants, and they offered considerable evidence in support of their contention that the classification and assessment were fair and reasonable. Upon this issue the trial court found with the plaintiff, and its finding is not so manifestly wrong or unsupported by the record that we are at liberty to interfere with it.— *Affirmed.*