ALFRED BEDFORD, Appellee, v. THE BOARD OF SUPERVISORS OF CARROLL COUNTY, IOWA, and DRAINAGE DISTRICT No. 23, OF CARROLL COUNTY, IOWA, Appellants.

**Drainage:** APPEAL: SERVICE OF NOTICE. Under the statutes relating
1  to appeals in drainage proceedings notice must be filed with the county auditor, and it will be considered as filed when delivered to him and treated as filed even though purporting to be a copy; and the filing of the original with the clerk of court adds nothing to the service.

**Same:** NOTICE OF APPEAL: NECESSITY OF SIGNATURE. The notice of
2  appeal in drainage proceedings must be signed by the party appealing or his attorney. Neither endorsement of the attorney's name on the back of the notice, nor filing of the original, showing service in the office of the clerk of the court, will cure the omission to properly sign the notice filed with the auditor.

**Same:** NOTICE OF APPEAL: WAIVER OF DEFECTS: JURISDICTION. The
3   notice of appeal in drainage cases is jurisdictional; and if insuf-
ficient or not filed in time appearance in the district court to move
for dismissal is not a waiver of the defects, nor will it confer juris-
diction of the case.

**Same:** NOTICE: APPEARANCE TERM. The fact that the notice of appeal
4   stated that the appearance term commenced on the 14th of the
month when in fact it began on the 13th was not a fatal defect.

*Appeal from Carroll District Court.*—HON. M. E HUTCHI-
SON, Judge.

SATURDAY, DECEMBER 13, 1913.

APPEAL from an order overruling defendant's motion to
dismiss an appeal purporting to have been taken by plaintiff
from an award of damages made to plaintiff by defendant
Board of Supervisors in a drainage proceeding pending be-
fore it.—*Reversed.*

*Reynolds & Meyers,* for appellants.

*M. A. Hoyt* and *Chas. C. Helmer,* for appellee.

DEEMER, J.—In a proceeding before the defendant board.
of supervisors to establish a drainage district in Carroll
county, which district included plaintiff's land, plaintiff filed
a claim for damages. The commissioners appointed under
the drainage act allowed the plaintiff the sum of $107, and on
the 2d day of December, 1910, this allowance was approved
by the board. On December 22d plaintiff herein filed a bond
with the county auditor for an appeal to the district court.
This bond was approved by and filed with the auditor. On
the same day plaintiff, by his attorney, delivered a notice of
appeal to the sheriff of Carroll county, with a copy thereof,
save that the copy omitted the signature to the notice, for the
service upon the county auditor. This notice required an
appearance at the February term of the Carroll county dis-

trict court, commencing on February 14, 1911, and requested and demanded of the auditor that he make and file a transcript of the record thirty days before the February term to be "held as stated above." The return of service was as follows: "The within notice came into my hands the 22d day of December, 1910, and I served the same on the within named persons on the date set opposite their names, and by delivering them the true copy, they waived reading. Peter Stephany, Auditor, December 22, 1910, Carroll Tp., Carroll Co., Iowa. Charles F. Hamilton, Sheriff." The original notice was not left with the auditor, but was filed with the clerk of the district court on February 13, 1911, and the copy which was left with the clerk was not signed by any one. On the back of it, and at the place usually used for a memorandum for the title of the case, and at the bottom thereof, were the words "M. A. Hoyt, Attorney for Appellant." According to a corrected return made by the auditor to his transcript, which, for the purposes of this appeal, must be taken as true, he never marked the copy left with him as filed, and was never directed by any one to file the same, but "left it among the papers in the auditor's office." On January 2, 1911, the then auditor of Carroll county filed a transcript of the record in the office of the clerk of the district court, and this, as we understand it, included the copy of the unsigned notice of appeal. The February term of the Carroll county district court commenced on February 13th, instead of on the 14th as stated in the notice. Under the law, as it now reads, an appeal in cases of this kind is taken by filing a notice with the county auditor at any time with twenty days after the finding by the board, and at the same time filing with the county auditor a bond, etc. Section 1989-a6, Code Supplement, as amended by Acts 33d General Assembly chapter 118, and 34th General Assembly chapter 88.

Three questions arise upon this appeal: First, was there ever any notice of appeal filed with the auditor, as the law provides? Second, was the unsigned notice left with the

auditor by the sheriff as a part of his service a sufficient notice, or, in fact, any notice? And, third, was the notice insufficient, because it gave the wrong date of the commencement of the term of the district court?

It will be observed that the notice of appeal is not now to be served upon any one; it is simply filed with the county auditor, and whatever is filed by the auditor or handed to him for the purpose of filing must be regarded as the notice and the original notice. If a copy be delivered, it must, for the purposes of appeal, be treated as the original and only notice, and the filing of the original with the clerk of the district court by the sheriff adds nothing to the service. The paper which was delivered to the auditor by the sheriff was not marked "filed," nor did any one direct it to be filed, although the auditor who received it left it among the other papers in his office. It was not necessary, of course, that the paper be marked "filed," as this is a mere ministerial act, which, if unperformed when it should have been, will not deprive a party of his rights. A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file.

1. DRAINAGE: appeal: service of notice.

There is considerable doubt, under this record, as to whether the required notice was ever filed with the clerk. The return simply shows that a purported copy was delivered to him as a part of the service of the real notice upon him. There was, we think, no direction by the sheriff or by the plaintiff or his attorney to place it on file in his office, and the auditor especially recited in his return that no one ever directed him to file it, or to leave it in his office. He did, in fact, leave it, as he says, among the papers in his office; but among what papers is not stated, although perhaps it may be inferred that it was among the papers in the drainage proceedings. On its face it purported to be a copy, instead of being the original, and it also showed that it. was delivered as a part of an act to effectuate service.

Without passing definitely upon the question as to whether there was, in fact, a filing, we are secure in holding that, if treated as filed, it must be regarded as the notice, and not a mere copy, and that, as it was un-signed by plaintiff or his attorney, it was insufficient to answer the requirements of the statute. Such notices must bear the signature of the party or his attorney, and an unsigned notice is no notice. Such has been the universal holding of this court in the past. *Doerr v. Life Ass'n,* 92 Iowa, 39; *State Bank v. Ratcliffe,* 111 Iowa, 662; *Hoitt v. Skinner,* 99 Iowa, 360, and cases cited.

*2. SAME: notice of appeal: necessity of signature.*

The mere indorsement upon the back that Mr. Hoyt was the attorney for appellant did not cure the defect, and the so-called original cannot be relied upon, for it was never presented to or filed with the auditor. The filing of the original, showing service, in the office of the clerk of the district court was ineffective for any purpose, and this so-called original cannot be resorted to for the purpose of curing any defects. The service on the auditor added nothing, for the notice was not only for his benefit but for the benefit and guidance of the petitioners for the ditch and for all other parties in interest, and they should not be charged with any notice, save the one on file with the auditor. This is, of course, fundamental law, and no authorities need be cited in support of the proposition.

The notice was jurisdictional, and, if not filed in time, or if insufficient when filed, the appearance of the defendants in the district court to move for a dismissal did not con-stitute a waiver of the defects, or give the district court jurisdiction of the case. It is not like one where notice is incidental, or where a notice might have been served at the time of defendants' appearance in the district court. As consent would not confer jurisdiction, appearance, of course, could not. *Spurrier v. Wirtner,* 48 Iowa, 486; *Ellis v. Carpenter,* 89 Iowa, 521. The statute now provides for a special

*3. SAME: notice of appeal: waiver of defects: jurisdiction.*

appearance to object to the jurisdiction of the court, and such appearance is held not to be general. See 34th General Assembly chapter 162. This act was in force when defendants moved to dismiss the appeal.

III.   The defect in the notice in stating that the term began on the 14th, when, in fact it commenced on the 13th, is not vital. *Burr v. Wilcox*, 19 Iowa, 32; *Knapp v. Haight*, 23 Iowa, 75.

4. SAME: notice: appearance: term.

The trial court should have sustained the motion to dismiss, and, as it did not do so, its order and judgment must be and it is *Reversed*.

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concurring.