DELLA M. BRANDT, Appellee, v. BOARD OF SUPERVISORS OF FRANKLIN COUNTY et al., Appellants (and two other cases).

**DRAINS:** Assessments—Reduction on Appeal. The court, on appeal, and on supporting evidence, has undoubted power to reduce the assessment of benefits as reported by the commissioners and as confirmed by the board of supervisors. Record reviewed, and held to amply support the very substantial reduction made by the court.

*Appeal from Franklin District Court.*—R. M. WRIGHT, Judge.

MARCH 11, 1924.

THREE parties appeal to the district court from the assessment of benefits in a drainage district. The court reduced the

amount of assessment as made by the board of supervisors. From the decree so entered, the board of supervisors and the drainage district prosecute this appeal.—*Affirmed.*

*Clock & Saley,* for appellants.

*F. J. McGreevy* and *Mallory & Leming,* for appellees.

FAVILLE, J.—This appeal involves the assessment on ten forty-acre tracts of land within a drainage district. Three of said forties are owned by the appellee Brandt, six by the appellee Heins, and the remainder by the appellees Simons and Miller. The tracts of land owned by the different parties, the amount of the original assessment, and the amount fixed by the court, are shown in the following table:

|  | Amount Assessed | Amount Reduced to |
|---|---|---|
| Brandt land: | | |
| NE¼ SW¼ 29-92-20 | $115.98 | $ 75.00 |
| SE¼ SW¼ 29-92-20 | 324.14 | 129.66 |
| NE¼ NW¼ 32-92-20 | 174.24 | 52.27 |
| Heins land: | | |
| SW¼ SW¼ 29-92-20 | 540.51 | 343.23 |
| NW¼ SW¼ 29-92-20 | 120.82 | 66.46 |
| SE¼ NE¼ 31-22-20 | 370.52 | 159.32 |
| NE¼ SE¼ 31-92-20 | 646.28 | 387.77 |
| NW¼ NW¼ 32-92-20 | 744.98 | 445.19 |
| SW¼ NW¼ 32-92-20 | 335.55 | 194.62 |
| Simons and Miller land: | | |
| SE¼ NW¼ 6-91-20 | 929.46 | 436.85 |

The evidence shows that the drainage district is approximately three miles in length, and the watershed is very narrow. The improvement extends in a general direction from the southwest to the northeast. The one hundred per cent forty which is made the basis of comparison is the northeast quarter of Section 6. It was traversed almost diagonally by the main drain, and had one lateral extending into it from the east. The assessment on this forty, after allowances for certain improvements,

was $1,183.03. The lands of the appellees Brandt and Heins lie near the outlet of the main ditch. The land of appellees Simons and Miller lies at the upper end of the drainage district, and adjoins the one hundred per cent forty.

It is impossible for us, within the reasonable length of an opinion, to set out the evidence in regard to the conditions of these various tracts of land. Appellants were content to rest their case in the district court upon the testimony of the engineer, who was a member of the commission that assessed the benefits. It is urged on appeal that great weight should be given to the finding of the commission to assess benefits, and of the board of supervisors in confirming such assessment. It is true that such findings are entitled to great consideration, and that a clear and convincing showing of error therein is required before the assessments so made should be changed or modified by the court. This has been our frequent and repeated declaration. But it is also true that such finding of the assessing commission and of the board of supervisors is subject to review by the court; and where a proper showing is made on the evidence, it is clearly within the province of the court to modify the assessment so made. The action of the drainage commission is wholly *ex parte,* and the hearing, if one is had upon objections before the board of supervisors, is of necessity quite informal; but on appeal to the district court, the trial involves a judicial determination under the recognized rules of evidence, and with the right of cross-examination, which is frequently a sure instrumentality for the discovery of truth. In this case a large amount of evidence was offered upon the trial, which we assume from the record was not produced before the board of supervisors.

In any event, we are persuaded from an examination of the record that the trial court was fully warranted, under the testimony, in reducing the amount of assessment levied against each of the forty-acre tracts involved in this appeal. The evidence of the engineer, especially upon cross-examination, was by no means convincing or conclusive in regard to the condition of the several tracts of land and the proportionate benefits received thereby from the construction of the improvement. The evidence quite convincingly establishes that the Heins and Brandt lands are quite high and dry lands, capable, in a large

measure, of cultivation, and that the greater part of said lands had been previously rendered tillable by the construction of private tile thereon. The fact that private drainage had added materially to the quality of the land and enhanced its value necessarily resulted in a smaller benefit to the land from the public drain than had the land been wholly undrained when the public enterprise was undertaken. *Rysted v. Drainage Dist.*, 157 Iowa 85; *Thielen v. Board of Supervisors*, 179 Iowa 248.

The lands of appellee Heins and Brandt were not the servient estate for the water of the entire district. It appears that there are ponds and low places in the south end of the district, and that a considerable cut is required, to bring the water therefrom to the point of the outlet. There are about three acres in the northwest corner of the Brandt land that are lower and wetter than the balance of the tract. The evidence tends to show that the three acres in question could be made tillable land by placing tile thereon. The Heins land appears to be well tiled and cultivated. Comparisons were made by witnesses upon the trial of all of the forty-acre tracts in the district with the one hundred per cent forty. We are satisfied with the conclusion of the trial court that the assessments on the Brandt and Heins forties are out of proportion to the assessment on other lands within the drainage district, and are too high, and that the trial court was warranted in reducing the amount of the said assessments.

The more difficult question is with regard to the amount of the reduction that should be made. As has been frequently said, in all cases of this kind, the result to be obtained is necessarily an approximation, as absolute accuracy is impossible. We have examined the record with care, and are content with the conclusion reached by the trial court in respect to the amount of the reduction that should be made. We are unable from the record to arrive at a more satisfactory conclusion as to the amount of the assessment than that of the trial court, which appears to us to be as nearly equitable as can reasonably be arrived at, under the facts and conditions shown in the case.

In respect to the Simons and Miller forty, it appears that the improvement in no way touches this forty acres of land, either by the main drain or a lateral. This forty joins the one

hundred per cent forty on the south. The latter forty is traversed diagonally by the main drain of the improvement, and has thereon a lateral. It appears that the cost of the main and lateral constructed on the one hundred per cent forty, and the assessment on this forty, after making allowance for some improvements used, was $1,183.03. The Miller forty has no part of the improvement placed thereon. The opportunity for an outlet therefrom into the main drain is the main and substantial benefit which it receives. It will be necessary for the owner to construct private drainage on said land, to adequately drain the same and render the land tillable. This forty, however, was assessed $929.46, and a credit was allowed of $94.58, leaving a net assessment of $834.88, which was quite out of proportion with the assessment of the one hundred per cent forty.

It is unnecessary that we set out all of the evidence in regard to the matters of elevation, proximity to outlet, amount of tillable land, amount of land subject to overflow, amount of tile, and other various matters that were gone into in the evidence, not only in respect to the lands involved in this appeal, but also in regard to other lands in the district in regard to which comparisons were made. We are disposed to acquiesce in the conclusion of the district court in respect to this tract of land in the modification that was made in the assessment. The appellants suggest no intermediate ground, but contend on appeal solely that the original assessment as confirmed by the board of supervisors should stand. We are of the opinion that it is excessive, and should be reduced, and that the assessment as fixed by the trial court was as nearly equitable as can well be arrived at under the record.

It follows that the decree of the district court in each of the cases involved in this appeal is, therefore,—*Affirmed.*

ARTHUR, C. J., PRESTON and STEVENS, JJ., concur.