LOUIS A. MILLS, Appellee, v. BOARD OF SUPERVISORS OF MONONA COUNTY et al., Appellants.

No. 45147.

February 13, 1940.

Prichard & Prichard, for appellants.

Underhill & Underhill, for appellee.

OLIVER, J.—The board of supervisors of Monona county has appealed from a decree of the district court reducing the classifications and drainage assessments upon lands of appellee, Louis A. Mills, situated in a newly organized drainage district. Mills, appellee in this court, contending his assessments were excessive and inequitable, appealed to the district court from the action of the board. The board moved to dismiss that appeal alleging Mills had failed to comply with the provisions of code section 7515, which requires filing with the county auditor a notice of appeal accompanied by an appeal bond with sureties to be approved by said auditor. The district court overruled the motion to dismiss and some of the errors assigned go to the correctness of said ruling.

Upon this proposition the record shows substantially the following: That the attorney for Mills took the notice of appeal with an appeal bond to the office of the auditor, left said papers with said officer and a deputy and told them to file the same. The auditor, presumably because of lack of knowledge of the foregoing statutory provisions, failed to mark the papers "filed" or to formally approve the bond. A few days

later a deputy auditor, apparently thinking said papers should be filed in the office of the clerk of the district court, delivered them, along with papers in other similar appeals, to the office of said clerk where the same were retained and marked "filed". The clerk also made a notation of "approved" upon the bond.

■ I. The board contends the notice and bond were not filed with the auditor and consequently that the appeal was never perfected. This contention is without merit.

The statutory requirement of "filing with the auditor" was satisfied when the papers were delivered to the auditor for that purpose. Smith v. Blairsburg Independent School District, 179 Iowa 500, 159 N. W. 1027; Hartley v. Board of Supervisors, 179 Iowa 814, 162 N. W. 48; Bedford v. Board of Supervisors, 162 Iowa 588, 144 N. W. 301; Chicago, M. & St. P. Ry. Co. v. Drainage District, 197 Iowa 131, 197 N. W. 91. As we said in the Bedford case, supra [162 Iowa 588, 591, 144 N. W. 303]:

"It was not necessary, of course, that the paper be marked 'filed,' as this is a mere ministerial act, which, if unperformed when it should have been, will not deprive a party of his rights. A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file."

■ II. It is also urged by the board that the failure of the auditor to approve the bond constituted a fatal defect. Reliance is placed on Chicago, M. & St. P. Ry. Co. v. Drainage District, supra, and cases therein cited, as sustaining such contention. It may be noted that the surety upon the bond was an authorized and approved guaranty company, and that the penalty was unlimited in amount. In the latter respect it differed materially from the bond in the cited case. However, it is unnecessary to discuss either this differentiation or the testimony of the auditor in this case that the bond appeared to be in proper form for approval. The decision may rest upon the provisions of a statute enacted in 1929, subsequent to the cited decision and now appearing in the 1939 Code as follows:

"12759.1 Appeal bonds—presumption. The filing by an approving officer of a duly tendered appeal bond in an appeal to any court shall carry the presumption until the contrary is

established that said officer approved the bond even though no formal approval is indorsed on the bond.''

The delivery to and receipt by the auditor of the tendered appeal bond under the circumstances of this case constituted ''filing''. This was sufficient to generate the statutory presumption that the auditor approved the bond. There was no evidence sufficient to overcome this presumption. Therefore, this ground of the motion to dismiss was properly overruled.

■ III. Error is also predicated upon the action of the trial court in overruling the ground of the motion to dismiss the appeal based upon the contention that the petition filed with the clerk of the district court did not fully set out everything required by the provisions of code section 7517. We think it did substantially comply with said section, and that there was no error in said ruling. Rystad v. Drainage District, 157 Iowa 85, 137 N. W. 1030.

■ IV. The Farmers and Garretson Outlet Drainage District was established in 1938. The tax levied to cover the cost of the improvement totaled $72,000. Its total acreage was approximately 18,000 of which appellee owned 550.80. One of the commissioners appointed to assess benefits and classify the lands was the engineer who had been in charge of the project from the beginning. Prior to August 1, 1938, the commissioners had viewed each 40-acre tract in the district and the engineer member had made a survey in the course of which he had taken actual elevations upon each 40-acre tract. On August 1, 1938, the commissioners presented their report to which was attached their certificate which stated:

'' .* * * in our judgment, the foregoing schedule of classification and assessments is in accordance with the benefits derived by each forty acre tract or portion thereof * * * .''

In said report the assessment against the lands of appellee was figured at $2,081.96. Upon hearing the board rejected this report in toto.

Shortly thereafter the commissioners made a new report in which the amount of appellee's assessment was raised to $3,195.32. Appellee's objections to this proposed assessment were overruled and the report was approved by the board.

Appellee then appealed to the district court contending

the classifications and assessments of benefits of his land were excessive and inequitable. Upon trial the court reduced by 30 per cent the classifications and apportionment of the assessments of benefits to said lands, thereby reducing the assessment to $2,236.72. This was about 7 per cent more than the amount fixed by the commissioners in their first report.

A number of authorities have been cited by the respective parties. However, the legal propositions involved are not in dispute and are so well settled that their discussion is unnecessary.

We will not attempt to set out the evidence in detail. Appellee relied largely upon the evidence of engineers aided by comparisons of the classifications placed upon his lands with those of like lands of others similarly conditioned and situated. This evidence and these comparisons tended to show that the classification and assessments upon appellee's lands were erroneous and excessive.

Members of the board and the commissioners sought to justify the variations in the classifications between the lands in controversy and other land in the district. The explanation given for the increases made by the commissioners in appellee's assessment was that at the time they viewed the district for the second report the surface of some of the land was covered with water which gave them a better opportunity to observe the effect of excessive rainfall and floodwaters. However, the first classification was made after a careful and thorough study of the district. That the assessment of appellee's lands recommended by the second report of the commissioners was greatly in excess of their earlier opinion was a circumstance entitled to consideration.

The trial court saw and heard the witnesses and found that the classification and assessments of appellee's lands were excessive and inequitable and should be reduced by 30 per cent. This finding is entitled to some weight. A careful consideration of the entire record leads us to the conclusion that the findings of the trial court are supported by a preponderance of the evidence and that the decree is correct.

Wherefore, the decree is affirmed.—Affirmed.

HAMILTON, C. J., and SAGER, MILLER, HALE, and MITCHELL, JJ., concur.