Troy L. MILLER, Appellee,

v.

CIVIL CONSTRUCTORS, and the United States Fidelity and Guaranty Company, Appellants.

No. 84–1263.

Supreme Court of Iowa.

Aug. 21, 1985.

John D. Stonebraker and Patricia R. Cepican of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellants.

Philip B. Mears and Wendy E. Geertz of Mears, Zimmerman & Mears, Iowa City, for appellee.

McGIVERIN, Justice.

The questions involved here arose in connection with the attempted appeal in a worker's compensation case by petitioner

Troy L. Miller from a decision by a deputy industrial commissioner to the industrial commissioner under Iowa Code section 86.-24(1) (1983) and agency rule 500 Iowa Admin.Code 4.27. The commissioner ruled the petitioner had not properly perfected his appeal and that the deputy's ruling became the final decision of the agency. On judicial review, the district court reversed the commissioner. We now reverse the district court and uphold the commissioner's ruling.

This appeal by respondents, the employer, Civil Constructors and its worker's compensation insurance carrier, The United States Fidelity and Guaranty Company, presents the issues of 1) whether petitioner timely filed the notice of appeal from the deputy's decision to the commissioner under 500 Iowa Admin.Code 4.27, and 2) whether petitioner served his notice of appeal on the adverse parties within the requirements of rules 500 Iowa Admin.Code 4.27 and 4.13. Because our conclusion as to the first issue is controlling, we need not reach the second.

I. *Background facts and proceedings.* On July 15, 1983, after a contested case hearing, the deputy industrial commissioner filed a review-reopening decision which awarded disability benefits to petitioner Miller. Through his attorney, petitioner intended to appeal the decision to the industrial commissioner.

Iowa Code section 86.24(1) provides in part, "Any party aggrieved by a decision, order, ruling, finding or other act of a deputy commissioner in a contested case proceeding arising under this chapter or chapter 85 or 85A may appeal to the industrial commissioner in the time and manner provided by rule."

Pursuant to that statute, the industrial commissioner has promulgated rule 500 Iowa Admin.Code 4.27 that provides:

Appeal. Except as provided in 4.2 and 4.25, *an appeal to the commissioner from a decision,* order or ruling *of a deputy commissioner* in contested case proceedings where the proceeding was commenced after July 1, 1975, *shall be commenced within twenty days of the filing of the decision,* order or ruling *by filing a notice of appeal with the industrial commissioner.* The notice shall be served on the opposing parties as provided in 4.13. An appeal under this section shall be heard in Polk county or in any location designated by the industrial commissioner.

This rule is intended to implement sections 17A.15 and 86.24, Iowa Code.

(Emphasis added.)

The twenty-day period during which an appeal under rule 4.27 from the July 15 deputy's decision could be "filed" with the commissioner would end on Thursday, August 4. Iowa Code § 4.1(22). Petitioner's notice of appeal was received in the mail by the commissioner and filestamped on Friday, August 5. An affidavit by the secretary for petitioner's attorney that was later filed before the commissioner stated she mailed the notice of appeal to the commissioner on August 3, the nineteenth day of the twenty-day appeal period.

The same affidavit stated that a copy of the notice was mailed to the attorney for respondents on July 29. However, respondents denied ever receiving the notice from petitioner, but were later provided with a copy by the commissioner on August 25.

Rule 500 Iowa Admin. Code 4.13 provides in part:

Service upon the attorney or party shall be made by delivery of a copy to or mailing a copy to the last known address of the attorney or party.... Service by mail under this rule is complete upon mailing.

Respondents, employer and insurance carrier, moved to dismiss the appeal on the grounds that the intra-agency notice of appeal was not timely filed with the commissioner and that respondents had not been served with a notice of appeal. The motion was verified. The commissioner sustained respondents' motion, dismissed the appeal, and ruled that the deputy's decision, by operation of law, became the final decision of the agency on August 4.

Miller filed a petition for judicial review in district court. Iowa Code §§ 86.26 and 17A.19. The court reversed the commissioner and ruled the appeal was perfected timely. From that decision, respondents appeal to us. Iowa Code § 17A.20.

II. *Timeliness of filing the appeal.* The controlling issue is whether an appeal is "filed" within the meaning of 500 Iowa Admin. Code 4.27 when it is mailed or when it is received by the industrial commissioner.

The commissioner interpreted the rule governing the appeals procedure to mean that an appeal is not "filed" within the meaning of Iowa Code section 86.24(1) and rule 4.27 until the commissioner has actually received it. Respondents assert the commissioner was correct, and we uphold the commissioner's interpretation.

■■ This court has ordinarily given a "reasonable range of informed discretion" to an administrative agency in interpreting its own administrative rules. The decision of the agency should be given controlling weight unless it is inconsistent with those rules, *Sommers v. Iowa Civil Rights Commission,* 337 N.W.2d 470, 475 (Iowa 1983), or is plainly erroneous. *Dameron v. Neumann Bros., Inc.,* 339 N.W.2d 160, 162 (Iowa 1983).

■■ We conclude the commissioner's interpretation is a reasonable one. Rule 4.27 plainly provides that an appeal "shall be commenced within twenty days of the filing of the [deputy's] decision ... by filing a notice of appeal with the industrial commissioner." There is no provision which provides for an appeal to be deemed "filed" on the date it is sent by mail to the commissioner. The filing of the notice of appeal is the first step in the appeal process. The second step under rule 4.27 is service of the notice of appeal on opposing parties under rule 4.13.

This court has previously recognized the distinction between the words "filed" and "mailed" in the context of the Iowa Rules of Appellate Procedure. Iowa R.App.P. 6(a) provides:

> An appeal ... is taken and perfected by filing a notice with the clerk of the court where the order, judgment or decree was entered, signed by appellant or his attorney.

In *Gordon v. Wright County Board of Supervisors,* 320 N.W.2d 565 (Iowa 1982), plaintiff's attorney mailed a notice of appeal to, among others, the clerk of the district court. The district court clerk never received the notice. In holding the appeal untimely, this court stated, "Our rules do not mention serving the clerk of court, the requirement is *filing.*" *Id.* at 566.

We have also stated that, generally, "filing" is accomplished when the document is delivered to the proper officer. *Mills v. Board of Supervisors of Monona County,* 227 Iowa 1141, 1143, 290 N.W. 50, 51 (1940).

Although some other administrative agencies have interpreted their differently worded notice of appeal provisions in contrary ways, the industrial commissioner is not bound by their interpretations. Each agency has a necessary degree of autonomy to promulgate rules, under the authority of statute, to govern its intra-agency proceedings, such as appeals.

The question of when an appeal is considered "filed" was discussed in *Messina v. Iowa Department of Job Service,* 341 N.W.2d 52 (Iowa 1983), a case cited by petitioner. In that case, we held that the time period during which an appeal could be filed within that agency was tolled when the appeal was mailed, not when it was actually received. However, significant differences exist between the agency rules in that case and this one. The Job Service department had some facially conflicting rule provisions regarding the appeals process. There was a specific rule requiring appeals to be "filed"; however, the department had another rule which provided that appeals sent by mail would be considered received on the postmark date. *See* 370 Iowa Admin. Code 4.35(1); *Messina,* 341 N.W.2d at 55–56.

Miller was not faced with conflicting rules in the present case nor was there a

provision allowing appeals to the industrial commissioner to be considered "filed" according to their postmark or mailing date. The commissioner interpreted rule 4.27 according to its plain and unambiguous language. We believe a reading of the rule would place a reasonable person on notice regarding the proper method to perfect an appeal to the industrial commissioner.

In his appellate brief, Miller also contends the commissioner could have extended his time for filing the notice of appeal for "good cause." He refers to 500 Iowa Admin. Code 2.1 which states:

> *Extending time and continuances.* For good cause the industrial commissioner or the commissioner's designee may modify the time to comply with any rule.

However, the record does not show that Miller ever requested the commissioner to extend his filing time for "good cause" when the case was before the agency or presented evidence in support of such request. He asks that we remand the case to the commissioner so he may make the request and showing now. His request is untimely and, therefore, we deny it.

■ The industrial commissioner's ruling was not inconsistent with the rules of the agency and was not plainly erroneous. Therefore, we uphold his interpretation of rule 4.27. The commissioner correctly ruled that the deputy's decision became the final ruling of the agency when no timely intra-agency appeal was filed. *Foley v. Iowa Department of Transportation,* 362 N.W.2d 208, 210 (Iowa 1985).

We do note it would be advantageous to parties and counsel if the agency rules as to the manner and timeliness of filing intra-agency appeals were standardized for all the agencies so as to promote clarity and predictability of interpretation. Thus, the number of appeals, such as the present one, and the possible confusion by attorneys and parties having cases before the several agencies could be decreased.

We have considered all other contentions made on appeal by the parties and either find them without merit or, under our view of the case, we need not discuss them.

We reverse the ruling of the district court and uphold the decision of the industrial commissioner.

REVERSED.

All Justices concur except UHLENHOPP, J., who takes no part.