# In the Iowa Supreme Court

No. 25–0157

Submitted April 15, 2026—Filed May 8, 2026

**Norman Wayne Davis IV,**

Appellant,

vs.

**State of Iowa,**

Appellee.

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, judge.

An inmate appeals the district court's dismissal of his postconviction relief application. **Affirmed.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Katherine R.J. Scott of New Point Law Firm, PLC, Ames, and Heidi Miller (until withdrawal) of The Law Office of Heidi Miller, Pleasantville, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

**McDermott, Justice.**

Norman Davis, an inmate at a state prison, claims that he submitted an envelope containing his application for postconviction relief to prison officials five days before the filing deadline. The envelope was postmarked two days before the deadline, but the application was not filed by the clerk of court until seven days after the deadline. The district court dismissed the application as untimely, and Davis appeals. He asks us to adopt for the first time the prison-mailbox rule, under which courts consider an inmate's filing as "filed" when it is deposited in the prison's internal mail system.

Davis pleaded guilty to five crimes and was sentenced to eight years in prison on September 27, 2021. The district court suspended the sentence and placed him on probation. Davis later violated the terms of his probation and, on June 27, 2024, was ordered to serve the previously imposed prison sentence. Davis prepared his postconviction-relief application while incarcerated at the Fort Dodge Correctional Facility.

An application for postconviction relief is a civil proceeding used by someone who has been convicted of a crime to challenge their conviction or sentence after their direct appeal has ended. *See Overton v. State*, 493 N.W.2d 857, 858 (Iowa 1992). While a direct appeal usually focuses on errors made by the judge during the district court proceedings, postconviction relief allows the defendant to raise issues that often weren't or couldn't have been addressed in the district court. *See* Iowa Code § 822.2(1)(*d*) (2024). Postconviction relief is governed by Iowa Code chapter 822.

In most circumstances, an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *Id.* § 822.3.

Davis didn't appeal his conviction, so the clock started to run on the date his conviction became final on September 27, 2021.

At the bottom of his application, Davis wrote that he had "[p]ersonally handed this instrument to the on duty [correctional officer] to place this instrument in the U.S. Post Box on this 22nd day of September 2024"—five days before the deadline. The envelope containing the application bears a postmark of September 25—two days before the deadline. The district court's docket shows that the clerk of court filed the application on October 4—seven days *after* the deadline. When the State moved to dismiss the application as filed beyond the three-year statute of limitations, Davis resisted, asking the court to adopt the prison-mailbox rule and thus to consider his application "filed" when he provided it to the prison official. The district court rejected Davis's prison-mailbox argument and dismissed the application as untimely.

Davis asks us to follow the lead of the United States Supreme Court in its adoption of the prison-mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1988). In that case, an inmate without legal counsel sought to appeal the district court's dismissal of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. *Houston*, 487 U.S. at 268. He deposited his notice of appeal with prison authorities twenty-seven days after the judgment. *Id.* The notice was stamped "filed" by district court clerk thirty-one days after the judgment—one day after the expiration of the thirty-day appeal deadline under Federal Rule of Appellate Procedure 4(a)(1). *Houston*, 487 U.S. at 268–69.

In analyzing the inmate's argument to deem the notice "filed" when submitted to prison officials for mailing, the Court first observed that nothing in the Federal Rules of Appellate Procedure "compels the conclusion that, in all cases, receipt by the clerk of the district court is the moment of filing." *Id.* at 274.

The Court recited several instances where lower courts had deemed filings "filed" under methods other than filing with the district court clerk. *Id.* The Court's focus then turned to policy grounds to allow delivery to prison officials to meet the filing requirement. *Id.* at 275. The Court observed that unlike a typical civil litigant who can always maintain control over a filing, a self-represented prisoner necessarily loses both control over and contact with a filing because he "has no choice but to hand his notice over to prison authorities for forwarding." *Id.* The Court also noted that the date a prisoner provides a filing to a prison official could be definitively known since "prison authorities . . . have well-developed procedures for recording the date and time at which they receive papers for mailing," whereas the reason for a delay in filing after an inmate provides a mailing raises difficult questions about who might be to blame—"prison authorities, the Postal Service, or the court clerk." *Id.* at 275–76.

Writing in dissent, Justice Scalia conceded that the prison-mailbox rule "makes a good deal of sense." *Id.* at 277 (Scalia, J., dissenting). But in his view, the text of the rule in question, which required a notice of appeal to be "filed with the clerk of the district court within 30 days," cannot be interpreted so that the phrase "filed with the clerk" means "delivered to the clerk or, if you are a prisoner, delivered to your warden." *Id.* at 277–78 (quoting Fed. R. App. P. 4(a)(1) (emphasis omitted)). Justice Scalia observed that whatever the potential benefits of a mailbox rule, it "is not the rule that we have promulgated through congressionally prescribed procedures." *Id.* at 277. He thus rejected it as "short-circuit[ing] the orderly process of rule amendment." *Id.* at 284.

As Davis notes, almost half the state courts have followed the Supreme Court's reasoning in adopting the prison-mailbox rule. *See, e.g.*, *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992); *Dowell v. State*, 922 N.E.2d 605, 606

(Ind. 2010); *Sykes v. State*, 757 So. 2d 997, 1000–01 (Miss. 2000) (en banc); *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278, 281 (Pa. 1996). But as the district court noted, other state courts have declined to adopt the prison-mailbox rule, generally concluding that *Houston* was not binding precedent because it was not premised on a constitutional right and agreeing with Justice Scalia's critique of an expansive textual interpretation of the phrase "filed with the clerk." *See, e.g., Carr v. State*, 554 A.2d 778, 779–80 (Del. 1989) (per curiam); *Martin v. Dep't of Corr.*, 190 A.3d 237, 240–42 (Me. 2018); *Chang v. State*, 778 N.W.2d 388, 390–92 (Minn. Ct. App. 2010); *State v. Parmar*, 586 N.W.2d 279, 283–84 (Neb. 1998); *Grant v. Senkowski*, 744 N.E.2d 132, 134 (N.Y. 2001). And as the State notes, several other states have adopted the prison-mailbox rule not through judicial interpretation but through the rule amendment process the *Houston* dissenters advocated. *See, e.g., Howard v. Webber*, 512 S.W.3d 624, 625–26 (Ark. 2017) (per curiam); *People v. Smith*, 19 N.W.3d 335, 335 (Mich. 2025).

This appears to be the first appeal where we are squarely presented with whether to adopt the prison-mailbox rule. *See Sandoval v. State*, 975 N.W.2d 434, 437 (Iowa 2022) ("Iowa has not adopted the prison mailbox rule, and we need not decide whether to do so here."). We begin with the text of the postconviction-relief statute. Iowa Code § 822.3 provides that "[a postconviction-relief] proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place." As to timing, the statute requires that applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *Id.*

The Iowa Rules of Civil Procedure govern the filings of civil actions more generally. They provide that "[f]or all purposes, a civil action is commenced by filing a petition with the court," and use "[t]he date of filing" to "determine whether an action has been commenced within the time allowed by statutes for limitation of actions." Iowa R. Civ. P. 1.301(1). The rules define the phrase "filing with the court" as follows:

> The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that a judicial officer may permit them to be filed with the judicial officer, who shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.

*Id.* r. 1.442(5). Although under this rule a party may, in addition to filing with the clerk, file a document by submitting it directly to the judge who then provides it to the clerk, the time of filing is still measured by the date of receipt. Layering onto this, in defining the duties of the clerk of court, the legislature has provided that "[a] pleading of any description is considered filed when the clerk entered the date the pleading was received on the pleading." Iowa Code § 602.8102(9). Whether considered individually or collectively, there is nothing in the text of any of these rules or statutes that suggests an inmate files an application by providing it to a prison official for mailing.

This definition of "filing" predates our adoption of the rules of civil procedure. Over a century ago, we stated that "[a] paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file." *Bedford v. Bd. of Sup'rs*, 144 N.W. 301, 303 (Iowa 1913), *quoted in Peterson v. Barnett*, 239 N.W. 77, 78 (Iowa 1931), *and Mills v. Bd. of Sup'rs*, 290 N.W. 50, 51 (Iowa 1940). A postconviction-relief application is not "kept on file" with a prison official, who is merely a link in the chain of delivery to the person who actually maintains the court's file—the clerk of court. *Id.*

Our rules for electronic filing likewise define the moment of filing not when someone clicks the submit button for a document, but when the court's electronic document management system (EDMS) receives the document. Iowa Rs. Elec. P. 16.306(2) ("A document is considered filed or presented at the time EDMS has received it, unless the clerk of court returns it."), 16.307(1) ("Each document electronically filed with the clerk of court receives a file stamp reflecting the date and time that it was initially received by EDMS."), 16.309(1)(*b*) ("The date and time of the electronic file stamp are considered the official filing date and time for purposes of computing relevant deadlines."). Whatever the mode of filing, our rules define a document as "filed" only when it has been received.

The legislature, for its part, knows how to create a mailbox rule when it wants to. Iowa Code § 622.105(1) expressly provides that a tax return "shall be deemed filed or made and received on the date it was mailed."

When the text of a statute is unambiguous, we apply it as written; the interpretive inquiry ends there. *State v. Ross*, 941 N.W.2d 341, 346 (Iowa 2020). Statutes are not compasses pointing in a general direction and telling judges to go as far as they see fit. The legislature gets to decide how far it wants to go in pursuing an objective, and the text reflects the legislative compromises that define a law's scope. *See* Frank H. Easterbrook, *Statutes' Domains*, 50 U. Chi. L. Rev. 533, 541 (1983). It is beyond the judicial role to "fix" or "improve" a law by expanding or contracting it to achieve some broader purpose if doing so contradicts the plain language of the text. *See Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 541 (Iowa 2017).

As a textual matter, there is little to trip up a reader in § 822.3. To pursue a postconviction-relief proceeding, the applicant must "fil[e]" an application "with

the clerk of the district court." Iowa Code § 822.3. It must be "filed" within three years of the conviction becoming final. *Id.* Nothing in chapter 822, or in any other rule or statute that has been cited to us, suggests that filing is accomplished when the application is submitted to a prison official or placed in the mail.

Like the dissenters in *Houston*, although we are sympathetic to the plight of self-represented prisoners in Davis's position, we are unwilling to interpret the statute in a way that "obliterates the line between textual construction and textual enactment." 487 U.S. at 277 (Scalia, J., dissenting). The decision to adopt a prison-mailbox rule for postconviction-relief applications is one for the legislature. There's little question, in our view, that the law as it stands requires that for an application to be filed, it must be filed with the clerk of court and not simply provided to a prison official.

Because Davis's application was not filed with the clerk of court by the deadline, the district court properly dismissed it. We thus affirm the district court's judgment.

**Affirmed.**