Frank McGRUDER, Appellant,

v.

STATE of Iowa, Iowa Department of
Transportation, Appellees.

No. 87–122.

Supreme Court of Iowa.

March 16, 1988.

Vance Myrabo of Masten, Myrabo & Irons, P.C., Canton, S.D., for appellant.

Thomas J. Miller, Atty. Gen., and Robin G. Formaker, Asst. Atty. Gen., Ames, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Frank McGruder was injured in an automobile accident on December 10, 1983, allegedly due to negligence of the State of Iowa. A claim against the State was mailed to the appeal board on December 10, 1985, but was not filed by it until December 12, 1985. The appeal board denied McGruder's claim, and he challenged the ruling in district court. The State filed a special appearance based on McGruder's failure to present the claim within the two years provided by Iowa Code section 25A.13. The court sustained the special appearance, and McGruder appealed. We affirm.

Iowa Code section 25A.13 (1983) provides:

> Every claim and suit permitted under this chapter shall be forever barred, unless within two years after such claim accrued, the claim is made in writing to the state appeal board under this chapter.

The issue in this case is whether McGruder's claim was "made" when he mailed it, as he claims, or when it was filed, as the State claims. Timeliness of the claim is a prerequisite to district court review. *See Feltes v. State*, 385 N.W.2d 544, 547 (Iowa 1986).

McGruder asserts that the term "made" in Iowa Code section 25A.13 has not been defined by chapter 25A and therefore must be given its ordinary and usual meaning. He argues that his preparation and signing of the claim form was "making" a claim under this definition. The State responds that the commonly accepted meaning of the term "made" connotes a sense of completion; the claim is not complete until it reaches the office that will act upon it.

Iowa Code section 25A.3 provides that "[c]laims made under this chapter shall be filed with the state comptroller, who shall acknowledge receipt on behalf of the state appeal board." The State Appeal Board has adopted 60 Iowa Administrative Code section 1.3(1), which provides that claims "shall be filed in triplicate with the state comptroller."

McGruder, however, points to Iowa Code section 25A.13, which provides in part:

> If a claim is *made or filed* under any other law of this state and a determination is made by a state agency or court

that this chapter provides the exclusive remedy for the claim, the time to make a claim and to begin a suit under this chapter shall be extended for a period of six months from the date of the court order making such determination or the date of mailing of notice to the claimant of such determination by a state agency, if the time to make the claim and to begin the suit under this chapter would otherwise expire before the end of such period.

(Emphasis added.) McGruder argues that the statute's use of the alternative "made or filed" indicates that the legislature did not intend the term "made" to mean filed.

While section 25A.13 uses "made or filed," we do not believe that fact supports McGruder's argument. It is apparent that use of these terms in parallel was necessary because the statutory provision covers both those proceedings initially commenced before state agencies (making a claim) and those commenced in court (filing).

Several cases suggest that "made" should be construed to mean "filed." In *Eggermont v. Service Life Insurance Co.*, we considered the timeliness of an application for interlocutory appeal. The relevant rule of civil procedure required that the application be "made within thirty days from the date of such ruling or decision." We held that the application is "made" by filing the application with the clerk of this court. 237 Iowa 301, 303, 21 N.W.2d 761, 762 (1946).

The Missouri Court of Appeals has held that an application for judicial review of the workers' compensation award is not "made" when deposited in the mail but rather when it is received. *Tabb v. McGinley*, 313 S.W.2d 745, 746 (Mo.App.1958); *see also Peavy v. Peavy*, 167 Ga. 219, 221–22, 145 S.E. 55, 56 (1928) ("Made" is synonymous with "filed."); *St. Louis Law Co. v. Aufderheide*, 226 Mo.App. 680, 683–84, 45 S.W.2d 543, 545 (1932) (The term "made" in a statute specifying deadlines is synonymous with "filed," not with "prepared."); *Automatic Washer Serv., Inc. v. Brunswick Burlington, Inc.*, 153 N.J.Super. 343, 345, 379 A.2d 857, 858 (1977) (A motion is "made" on the date it is filed with the court.); *Delaware Township v. Needl*, 52 N.J.Super. 63, 67–70, 144 A.2d 801, 803–04 (1958) ("Made" means completion of the appeal by delivering or filing, not merely starting the complaint on its way by mailing.).

The Federal Tort Claims Act requires that claims be "presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). Federal regulations define "presented" as "received" by the federal agency. 28 C.F.R. § 14.2(a). McGruder argues that the use of "presented" in the Federal Tort Claims Act and the use of "made" in the Iowa Tort Claims Act indicates that a different meaning was intended.

The Iowa Supreme Court has declared that the Iowa Tort Claims Act is to have the "same effect" as the Federal Tort Claims Act. *Feltes v. State*, 385 N.W.2d at 547; *Hoctel v. State*, 343 N.W.2d 832, 833 (Iowa 1984). Decisions under the Federal Tort Claims Act are therefore persuasive. These decisions have required receipt of the claim not mere mailing of the claim for tolling the statute. *See, e.g., Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983), *cert. denied*, 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984).

Considering "made" to mean "filed," as we do, it is clear that mailing the claim is not the equivalent of filing it. *See United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 509, 36 L.Ed. 897, 898 (1916) (file means to deliver, not send through mail); *Miller v. Civil Constructors*, 373 N.W.2d 115, 117 (Iowa 1985) (filing is not mailing); *Mills v. Board of Supervisors*, 227 Iowa 1141, 1143, 290 N.W. 50, 51 (1940) (papers are filed when delivered); *King v. Calumet & Hecla Corp.*, 43 Mich.App. 319, 204 N.W. 2d 286, 290 (Mich.App.1972) (Mailing does not constitute filing.).

We agree with the district court; the claim was not made within the two-year period provided by section 25A.13.

AFFIRMED.