Paul BENSLEY, Administrator of the Estate of Joann M. Bensley; Citizens State Bank of Hopkinton, Administrator of the Estate of Jacqueline Feltes; and Joseph W. Sutter, Administrator of the Estate of John C. Sutter, Appellants,

v.

STATE of Iowa and Iowa Department of Transportation, Appellees.

No. 90–282.

Supreme Court of Iowa.

April 17, 1991.

John L. Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for appellants.

Bonnie J. Campbell, Atty. Gen., John R. Perkins, Deputy Atty. Gen., and David A. Ferree, Asst. Atty. Gen., for appellees.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN and SNELL, JJ.

McGIVERIN, Chief Justice.

Joann Bensley, Jacqueline Feltes and John C. Sutter died in an automobile accident on February 4, 1983. On June 28, 1984, their estates, plaintiffs in this case, filed claims with the state appeal board alleging that the state's negligent maintenance of Highway 151 in Jones county proximately caused the deaths of Bensley, Feltes and Sutter. The estates of Bensley

and Sutter were notified on November 26 that their claims were denied. The estate of Jacqueline Feltes never received notice that its claim was denied.

On June 29, one day after plaintiffs filed their claims with the appeal board, plaintiffs sued the state in district court for the same deaths upon which their claims before the appeal board were based. That suit was dismissed for lack of subject matter jurisdiction on March 9, 1987. Jurisdiction did not exist at the time plaintiffs' suit was filed in district court because plaintiffs had not exhausted their administrative remedies. *See Swanger v. State,* 445 N.W.2d 344, 347 (Iowa 1989) (suit may not be brought until administrative remedies are exhausted).

On May 15, 1987, plaintiffs filed the present suit, against the state, for the deaths of Bensley, Feltes and Sutter. The state moved for summary judgment, asserting that plaintiffs' suit was barred by the statute of limitations. The state's motion was granted and plaintiffs' case was dismissed.

Plaintiffs appeal the district court's grant of the state's summary judgment motion, asserting that their suit is not barred by the statute of limitations. For the reasons set forth below, we affirm the district court's ruling dismissing the counts of the suit relating to the estates of Bensley and Sutter and reverse the district court's ruling dismissing the counts of the suit relating to the estate of Jacqueline Feltes.

■ I. *Withdrawal of claims.* As a preliminary matter, we note that we can uphold a trial court's ruling on any ground appearing in the record, whether urged in the trial court or not. *State v. McCowen,* 297 N.W.2d 226, 227 (Iowa 1980). Therefore, we initially address the state's contention, raised for the first time on appeal, that plaintiffs' filing of their first suit on June 29, 1984, constituted a withdrawal of their claims, made one day earlier, from the appeal board. If plaintiffs' claims were withdrawn from the appeal board when they filed their first suit, they never exhausted their administrative remedies and,

thus, the district court was without jurisdiction over their present suit. *See Swanger,* 445 N.W.2d at 347 (jurisdiction does not exist in district court until plaintiffs have exhausted their administrative remedies).

The state cites *Clites v. State,* 322 N.W.2d 917 (Iowa App.1982), to support its position that plaintiffs withdrew their claims from the appeal board when they filed the first suit in district court. The plaintiffs, in *Clites,* filed a claim with the appeal board and after more than six months of board inaction on their claim, the plaintiffs filed suit in district court. *Id.* at 918–19. The suit, however, was filed without first providing the appeal board with written notice of claim withdrawal as required by Iowa Code section 25A.5 in instances when a claim has not previously been denied by the board. *Id.; see also* Iowa Code § 25A.5 (1983).

On appeal in *Clites,* the state argued that the district court lacked jurisdiction over plaintiffs' claim because the plaintiffs had not satisfied the written notice of withdrawal requirement of section 25A.5. 322 N.W.2d at 919. In holding that the district court had jurisdiction over the plaintiffs' suit, our court of appeals stated that the service of notice of plaintiffs' suit constituted notice of withdrawal of plaintiffs' claim before the appeal board. *Id.*

The state argues that we should apply the rationale of *Clites* to the present case and hold that the district court lacked subject matter jurisdiction to hear plaintiffs' suit. The state contends that plaintiffs' suit, filed on June 29, 1984, withdrew their claims from the appeal board before receiving denials of their claims and before six months had elapsed. Thus, the state says that plaintiffs did not exhaust their administrative remedies, a necessary step before subject matter jurisdiction exists in district court for plaintiffs' suit under Iowa Code chapter 25A. *See Swanger,* 445 N.W.2d at 347.

■ We do not agree that plaintiffs' suit, filed on June 29, 1984, withdrew their claims from the appeal board. Section

25A.5 requires that a claim must be denied by the appeal board or six months must elapse from the time a claim is filed before a claimant can withdraw its claim from the appeal board and obtain subject matter jurisdiction to validly file suit in district court. Neither of these conditions had been satisfied on June 29.

We believe the holding in *Clites* should be confined to its procedural facts. In *Clites*, six months had passed after the claim was filed with the appeal board; thus, written notice of withdrawal of the claim was simply a formality required by section 25A.5 prior to filing suit. That formality is satisfied when, after a claim has been pending before the appeal board for six months, the state receives notice that a suit has been filed. In that circumstance, notice to the state that suit had been filed is the substantial equivalent of written notice that a claim had been withdrawn.

In the present case, without satisfaction of the conditions of either denial of the claims or passage of a six-month waiting period after the claims were filed, we conclude plaintiffs' first suit did not act as a withdrawal of its claims from the appeal board. Further, the appeal board suffered no prejudice due to the filing of plaintiffs' suit on June 29. The board did not treat plaintiffs' claims as withdrawn and, in fact, on November 26, 1984, the board denied all of plaintiffs' claims.

■ II. *The statute of limitations problem.* Plaintiffs assert that their present suit, brought May 15, 1987, is not barred by the statute of limitations of Iowa Code section 25A.13. The district court ruled otherwise.

Iowa Code section 25A.13 provides:

Every claim and suit permitted under [the state tort claims act] shall be forever barred, unless within two years after such claim accrued, the claim is made in writing to the state appeal board under this chapter. The time to begin suit under this chapter shall be extended for a period of six months from the date of mailing of notice to the claimant by the state appeal board as to the final disposi-

tion of the claim or from the date of withdrawal of the claim from the state appeal board under section 25A.5, if the time to begin suit would otherwise expire before the end of such period.

If a claim is made under any other law of this state and a determination is made by a state agency or court that this chapter provides the exclusive remedy for the claim, the time to make a claim and to begin suit under this chapter shall be extended for a period of six months from the date of the court order making such determination by a state agency, if the time to make the claim and to begin the suit under this chapter would otherwise expire before the end of such period.

Plaintiffs do not contend that their present suit was brought within two years of the accrual of their claims against the state on February 4, 1983, and the estates of Bensley and Sutter do not argue that their actions were brought within six months of November 26, 1984, the date of mailing of notice to them by the appeal board as to the final disposition of their claims. Rather, plaintiffs rely on the second paragraph of section 25A.13.

Plaintiffs assert that their first suit was filed under "any other law of this state." Thus, plaintiffs argue that the statute of limitations for the suit upon which they are currently appealing was extended six months from March 9, 1987, the date of the court order dismissing the suit filed June 29, 1984.

Plaintiffs contend that when their first suit was filed, they were proceeding under chapter 25A as interpreted by *Charles Gabus Ford, Inc. v. Iowa State Highway Commission*, 224 N.W.2d 639 (Iowa 1974). Thus, plaintiffs believed the court could defer judgment on their suit until they had pursued and exhausted the administrative remedy available to them under chapter 25A. *See id.* at 648. Plaintiffs' position is that our decision in *Feltes v. State*, 385 N.W.2d 544 (Iowa 1986), a companion case to plaintiffs' first suit, changed our interpretation of a court's ability to stay suits when a plaintiff has not exhausted adminis-

trative remedies available under chapter 25A, in essence, creating a new law.

In *Feltes,* plaintiff filed suit in district court before receiving a denial of his claim from the appeal board and before six months elapsed from the date his claim was filed. *Id.* at 544–45. The state filed a motion to dismiss the suit for failure to exhaust administrative remedies. *Id.* at 545. Plaintiff resisted, arguing that the district court should defer action on the motion to dismiss until the appeal board considered his claim. *Id.* In holding that plaintiff's suit must be dismissed, we stated that the district court cannot hold a suit in abeyance while plaintiffs exhaust their administrative remedies. *Id.* at 549.

We do not find plaintiffs' argument that our decision in *Feltes* created a new law compelling. Application of the second paragraph of section 25A.13 requires that a claim be filed under any *other* law of this state before the possibility of extending the statute of limitations exists. By its terms, section 25A.13 does not allow for an extension of the statute of limitations when the initial suit is filed under chapter 25A. Plaintiffs' first suit here was filed under chapter 25A.

Further, section 25A.13 has not been amended or revised since 1975 and our interpretation of section 25A.13 has not changed between the time plaintiffs filed their initial suit and our decision in *Feltes.* We noted in *Feltes* that our prior cases establish that when jurisdiction to hear a lawsuit is lacking, the suit must be dismissed. *Id.* at 549. The prior cases relied on as authority for our statement in *Feltes* were decided after the *Charles Gabus Ford* case and prior to the filing of plaintiffs' first suit. *See, e.g., Jontz v. Mahedy,* 293 N.W.2d 1 (Iowa 1980); *Lloyd v. State,* 251 N.W.2d 551 (Iowa 1977). Our interpretation that a suit must be dismissed if subject matter jurisdiction is lacking has been consistent since the *Lloyd* case. Thus, our *Feltes* decision did not change our interpretation of section 25A.13.

Finally, plaintiffs argue that we should apply Iowa Code section 4.13. Section 4.13, in part, provides:

The reenactment, revision, amendment, or repeal of a statute does not affect:

1. The prior operation of the statute or any prior action taken thereunder;

2. Any validation, cure, right, privilege, obligation or liability previously acquired, accrued, accorded, or incurred thereunder. . . .

Plaintiffs assert that our *Feltes* decision constituted a revision of chapter 25A because it was a change in judicial interpretation of the application of section 25A.13. We have already established, however, that no revision of the statute was made by the legislature and *Feltes* was consistent with our application of section 25A.13 prior to the filing of plaintiffs' first lawsuit; thus, section 4.13 does not assist plaintiffs in this case.

The district court correctly dismissed the actions of Bensley and Sutter. We must, however, consider further the action of the estate of Jacqueline Feltes due to irregularities in the mailing of notice of the denial of its claim.

III. *Jacqueline Feltes' lawsuit.* On November 26, 1984, the appeal board mailed notice of the denial of the Jacqueline Feltes estate claim to attorney Stephen Jackson. Jackson was representing Ronald Feltes, Jacqueline's husband, before the appeal board on a related matter, but he was not representing Jacqueline's estate. As a result, Jacqueline's estate never received notice from the board, as required by section 25A.13, that its claim was denied. Jacqueline's estate argues that since it was not notified that its claim was denied by the appeal board, its suit, filed on May 15, 1987, is not barred by the statute of limitations.

Section 25A.13 extends the time to begin suit "for a period of six months from the date of mailing of notice to the claimant by the state appeal board as to the final disposition of the claim." The state admits it did not mail notice to the claimant, but argues that notice to Ronald's attorney was sufficient as Ronald was the administrator of Jacqueline's estate. The record, however, does not support the State's posi-

tion that Ronald was the administrator of Jacqueline's estate. The record indicates that at all material times to this litigation Citizens State Bank of Hopkinton was the administrator of Jacqueline's estate.

In the alternative, the state asserts that substantial compliance in giving notice is sufficient if all parties entitled to notice are actually afforded the notice the law requires. Even assuming that substantial compliance satisfies the notice requirements, the record does not support the state's position that Jacqueline's estate was afforded notice that its claim was denied. Thus, we find no merit in the state's argument on this point.

The estate of Jacqueline Feltes filed a claim with the state appeal board on June 28, 1984. Once that claim was filed, the statute of limitations was tolled and extended for a period of six months from the date of mailing of notice to the claimant by the appeal board as to the final disposition of the claim, or from the date of withdrawal of the claim from the appeal board. Jacqueline's estate was never notified that its claim was denied, and the estate never withdrew its claim from the appeal board prior to May 15, 1987. Thus, when Jacqueline's estate filed its lawsuit on May 15, 1987, that lawsuit was not barred by the statute of limitations. The district court erred when it determined otherwise.

IV. *Disposition.* We affirm the district court's ruling sustaining the defendants' motion for summary judgment as to the counts of the suit relating to the estates of Bensley and Sutter. We reverse the court's grant of summary judgment against the estate of Jacqueline Feltes and remand that estate's portion of the case for further appropriate proceedings.

Costs on appeal shall be taxed one-third to the estate of Bensley, one-third to the estate of Sutter and one-third to the state.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.