Mark **ALLENDORF**, Appellant,

v.

**LANGMAN CONSTRUCTION, INC.**
**and State of Iowa, Appellee.**

No. 94–1720.

Supreme Court of Iowa.

Oct. 25, 1995.

Rehearing Denied Nov. 17, 1995.

Charles H. Jacobs, Dubuque, for appellant.

Thomas D. Waterman of Lane & Waterman, Davenport, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

CARTER, Justice.

The appellant, Mark Allendorf, brought an action against his employer, Langman Construction, Inc. (Langman), and the State of Iowa, alleging he was injured as the result of these defendants' negligent acts and omissions. The injuries in question occurred while Allendorf was working for Langman on an Iowa Department of Transportation bridge project in Jackson County. Without reaching the merits of Allendorf's averments of negligence, the district court dismissed his claim against the State on the basis that his notice of claim filed with the state appeal board was fatally defective in not demanding a sum certain. That omission, the district court concluded, constituted a failure to exhaust administrative remedies. After reviewing the record and considering the arguments of the parties, we disagree with the district court's conclusions, reverse its judgment, and reinstate Allendorf's action in the district court.

The district court indicated considerable reluctance in sustaining the State's contention that the demand of a sum certain is required in order to satisfy the exhaustion requirements of a state appeal board claim under Iowa Code section 669.5 (1995). The court concluded, however, that the State's contention was supported by language in *Swanger v. State,* 445 N.W.2d 344 (Iowa 1989). We stated in that case that a claim is made with the state appeal board "when the prescribed forms are properly filed with the director of management." *Id.* at 350–51.

The language in *Swanger,* upon which the district court relied, was uttered in rejecting a contention that a representative of an insurance company that issued a liability policy under which the State was an additional insured could accept notice of claims in lieu of the state appeal board. *Swanger* dealt with who may accept a claim on behalf of the appeal board and, in addition, indicated that the claims must be presented on the prescribed forms. It did not determine the detail in which the prescribed forms must be filled out or the consequences of a failure to answer each and every question on the form.

In the present case, Allendorf's claim was presented on the prescribed forms. His injury occurred on May 13, 1992. On July 20, 1992, he filed with the director of management the form prescribed by administrative rule. That form required claimant to provide the "basis of claim." In the space provided for that information, he responded:

> The claimant was working on a project supervised by the Iowa Department of Transportation near Green Island, Iowa. He was in a bucket hoisted by a crane and looped a cable around a beam, leaving the bucket in the process. As he lowered himself back into the bucket, the equipment moved, and he dropped thirty feet to the ground.

In the blank space calling for an indication of damages as a result of personal injury, Allendorf responded "unknown."

On September 1, 1992, the Iowa Department of Transportation advised Langman of Allendorf's claim and tendered to Langman the defense thereof pursuant to an indemnity agreement executed with respect to the Jackson County bridge project. This letter further advised that the State of Iowa was an additional insured under Langman's liability insurance policy covering claims on that job. A copy of this letter was sent to Allendorf's counsel. Thereafter, all further negotiations by Allendorf on his claim against the State were with Langman and its insurer. On September 18, 1992, the state appeal board advised Allendorf's counsel in writing that

> [t]he State Appeal Board, after considering the facts and circumstances forming the basis of your client's claim and the applicable law, has made a final determination to deny payment of this claim.

■ In *Hawkeye Bank v. State,* 515 N.W.2d 348 (Iowa 1994), we assumed, without deciding the issue, that a specific dollar demand is required in order to exhaust the administrative remedy before the state appeal board. We observed in that case, however, that, if that is a requirement, it need not be satisfied at the time of filing the original claim. We approved, in this regard, the conclusion of a federal court under the Federal Tort Claims Act that "no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim within the ... period prescribed." *Williams v. United States,* 693 F.2d 555, 557 (5th Cir.1982).

■ Allendorf argues, persuasively, that, because he filed his administrative claim only two months after he was injured, the nature of his injuries were not and could not have been known to him at that time. He evidenced this circumstance by writing "unknown" on the claim form. The only alternative, he suggests, would have been to arbitrarily select a meaningless dollar amount to insert on the claim form. We find much merit in this contention.

When the state appeal board sent Allendorf's attorney a copy of its September 1 letter to Langman, this was an implicit suggestion that further communication on the claim should be with Langman or its insurer. This was followed by the board's denial of Allendorf's claim only two months after it had been presented. As a result of what

transpired, Allendorf was left with both lack of motive and lack of opportunity to supplement his claim with the board concerning the details of his injuries. Given these circumstances, we are unable to conclude that he failed to exhaust his administrative remedy before the board.

The board's denial letter purports to have been based on a consideration of the liability issues and provides no reason to believe that a failure to demand a sum certain had any bearing on that decision. There is nothing in the Iowa Tort Claims Act that expressly provides that the demand of a sum certain in the claim to the state appeal board is jurisdictional. The controlling statute merely provides:

> No suit shall be permitted under this chapter *unless the state appeal board has made final disposition of the claim;* except that if the state appeal board does not make final disposition of a claim within six months after the claim is made in writing to the state appeal board, the claimant may, by notice in writing, withdraw the claim from consideration of the state appeal board and begin suit under this chapter.

Iowa Code § 669.5 (1995) (emphasis added). In the present case, the state appeal board had made final disposition of Allendorf's claim prior to the time he commenced his action in the district court.

In deciding the issue presented, we stop short of concluding that under no circumstances may a claim filed with the state appeal board be so lacking in critical information as to be a nullity for purposes of exhausting the administrative remedy. As to the circumstances of the present case, however, we conclude that Allendorf's filing a claim with the state appeal board and the board's action with respect thereto did satisfy the requirement for administrative disposition contained in section 669.5. We reverse the judgment of the district court and remand the case to that court for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**