# IN THE SUPREME COURT OF IOWA

No. 14–1557

Filed January 22, 2016

Amended March 9, 2016

**DEBORAH E. McFADDEN,** Individually and as Administrator of the Estate of Charles Walter McFadden, Jr., Deceased,

Appellant,

vs.

**DEPARTMENT OF TRANSPORTATION, STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Warren County, Sherman W. Phipps, Judge.

A surviving spouse who is the administrator of her deceased husband's estate seeks further review after the district court and court of appeals both concluded she failed to exhaust her administrative remedies under the Iowa Tort Claims Act before filing a wrongful-death lawsuit. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**

Steven P. DeVolder of DeVolder Law Firm, Norwalk, for appellant.

Thomas J. Miller, Attorney General, and Robin G. Formaker, Assistant Attorney General, for appellee.

**HECHT, Justice.**

After her husband Charles died in a motorcycle accident, Deborah McFadden presented a wrongful-death claim to the state appeal board. She alleged the Iowa Department of Transportation's negligent maintenance of the highway caused Charles's death. The appeal board took no action on the claim, so after waiting more than six months, she withdrew it and filed suit in the district court. The district court concluded McFadden had failed to exhaust administrative remedies because she had not properly presented the estate's claim to the appeal board and dismissed the suit. On further review of the court of appeals decision affirming the district court's dismissal, we conclude McFadden exhausted administrative remedies by complying with the appeal board's administrative requirements and providing the State with all the information it sought. Therefore, we vacate the decision of the court of appeals, reverse the district court's dismissal order, and remand for further proceedings.

## I. Background Facts and Proceedings.

Charles McFadden died on April 25, 2012, after he lost control of his motorcycle while navigating a curve on Highway 69 in Warren County. That June, the district court appointed Deborah the administrator of Charles's estate.

On October 30, 2013, McFadden filed a tort claim with the state appeal board on a form prescribed by the department of management. *See* Iowa Admin. Code rs. 543—1.3 to .4 (detailing form and content requirements for tort claims presented to the appeal board). The claim form named Deborah McFadden as the claimant and asserted a tort claim against the State for wrongful death. The claim specifically alleged the drop-off between the paved highway and the gravel shoulder at the

site of the accident was too steep, and it further alleged the department of transportation had failed to maintain the highway in a safe condition. *See id.* r. 543—1.4(2) (requiring tort claimants to detail "all known facts and circumstances attending the damage or injury" and state the cause of the damage or injury). McFadden did not attach to the form evidence of her appointment as administrator. The claim did not expressly allege that it was made in McFadden's capacity as administrator of the estate.

By May 2014, the appeal board had not made final disposition of the claim or even contacted McFadden. Accordingly, McFadden withdrew the claim from the appeal board and filed suit in the district court. *See* Iowa Code § 669.5(1) (2013) (permitting suit "if the attorney general does not make final disposition of a claim within six months after the claim is made in writing"). The petition identified her as the plaintiff, both "Individually and as Administrator" of Charles's estate.

The State moved to dismiss the estate's suit, asserting the Iowa Tort Claims Act (ITCA) did not permit it because McFadden never presented the estate's claim to the appeal board. Instead, the State contended, McFadden only presented a claim to the appeal board in her individual capacity, and she had thus failed to exhaust administrative remedies before filing suit as administrator of the estate. *See In re Estate of Voss*, 553 N.W.2d 878, 880 (Iowa 1996) ("Improper presentment of a claim, or not presenting one at all, has been considered a failure to exhaust one's administrative remedies, depriving the district court of subject matter jurisdiction."). The State's motion also sought dismissal of McFadden's individual claim for loss of consortium on the ground that this claim must be advanced by the estate. *See Audubon-Exira Ready Mix, Inc. v. Ill. Cent. Gulf R.R.*, 335 N.W.2d 148, 152 (Iowa 1983) (noting an estate administrator, not the surviving spouse individually, must

"bring the claim for . . . loss of post-death spousal consortium"). Lastly, the State's motion urged dismissal of the claim against the department of transportation because the department is not a proper party defendant in cases brought under the ITCA. *See* Iowa Code § 669.16; *Jones v. Iowa State Highway Comm'n*, 207 N.W.2d 1, 2 (Iowa 1973).

The district court relied on *Voss* and granted the State's motion to dismiss all claims asserted in the petition. McFadden appealed,[1] and we transferred the case to the court of appeals. The court of appeals also concluded McFadden failed to exhaust administrative remedies for the estate's claim. We granted McFadden's application for further review.

**II. Scope of Review.**

Our review of the district court's ruling on the motion to dismiss is for correction of errors at law. *Voss*, 553 N.W.2d at 880.

**III. Analysis.**

McFadden acknowledges she did not use the word "administrator" in her appeal board claim form, but she asserts that omission is not fatal to her district court action. In evaluating McFadden's contention, we must balance two competing principles.

"Our legal processes normally strive to resolve disputes on their merits. Simply put, it is our preferred way." *MC Holdings, L.L.C. v. Davis Cty. Bd. of Review*, 830 N.W.2d 325, 328–29 (Iowa 2013) (citation omitted). Obviously, dismissing McFadden's action for failure to exhaust administrative remedies does not resolve the case on the merits.

However, we also recognize that "[r]ules, especially those which fix jurisdictional matters, are . . . vital to the proper conduct of court

---

[1]McFadden does not appeal the dismissal of the consortium claim pressed by her as an individual. Neither does McFadden appeal the dismissal of the Department of Transportation as a named defendant.

business." *Gordon v. Doden*, 261 Iowa 285, 288–89, 154 N.W.2d 146, 148 (1967). As we explained more than fifty years ago:

> The so-called technicalities of the law are not always what they seem. When they establish an orderly process . . . , they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done, and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass. We have, and should have, no compunction in following them when they are clear and definite.

*Esterdahl v. Wilson*, 252 Iowa 1199, 1208, 110 N.W.2d 241, 246 (1961).

**A. The ITCA Appeal Board Process.** "A tort claim against the State must first be presented to the State Appeal Board pursuant to the procedures detailed in Iowa Code chapter 669 . . . ." *Voss*, 553 N.W.2d at 880; *accord Schneider v. State*, 789 N.W.2d 138, 145 (Iowa 2010) ("[F]iling . . . a claim with the state appeal board is a prerequisite to suit under the [ITCA]."); *see also* Iowa Code § 669.3(2) ("A claim made under [the ITCA] shall be filed with the director of the department of management . . . .").[2] "We have characterized this claim process as an 'administrative remedy' that must be exhausted." *Schneider*, 789 N.W.2d at 145. "Exhaustion of the administrative process is jurisdictional, and a suit commenced without complying with this process is subject to dismissal." *Swanger v. State*, 445 N.W.2d 344, 347 (Iowa 1989).

The attorney general "shall consider, ascertain, adjust, compromise, settle, determine, and allow any claim" presented to the appeal board. Iowa Code § 669.3(1). "The administrative process . . . is

---

[2]The state appeal board consists of "the auditor of state, treasurer of state, and the director of the department of management." Iowa Code § 73A.1; *see id.* § 669.2(6) (" 'State appeal board' means the state appeal board as defined in section 73A.1.").

intended to allow a prompt investigation of claims against the State and facilitate an early settlement when possible." *Voss*, 553 N.W.2d at 881; *accord Schneider*, 789 N.W.2d at 145; *see also* Don R. Bennett, *Handling Tort Claims and Suits Against the State of Iowa*, 17 Drake L. Rev. 189, 191 (1968) (noting the administrative process has in some cases made it "unnecessary to participate in lengthy and expensive litigation").

    **B.    *Voss.***    In *Voss*, the plaintiff's son died in an automobile accident. *Voss*, 553 N.W.2d at 879. Four months after the accident, Voss presented a tort claim to the state appeal board even though she was not the administrator of her son's estate at the time. *See id.* The board denied the claim. *Id.* More than a year after the denial, Voss became the administrator of her son's estate and filed a lawsuit in the district court. *Id.* The State moved to dismiss the lawsuit and the district court granted the motion. *Id.*

    We concluded Voss had not exhausted her administrative remedies because she was not the administrator of her son's estate at the time she submitted the administrative claim and she had not submitted a claim to the appeal board once she became administrator. *Id.* at 882. We noted, "The State should not be required to consider on the merits the claim of any person who can articulate a tenuous connection to the deceased when that person clearly has no legal capacity to recover in court." *Id.* at 881. We further opined that "[r]equiring the Board to delay consideration of a claim while waiting for the claimant to obtain the legal authority to pursue it would defeat the statutory goal of prompt settlement." *Id.* at 882. We affirmed the district court's decision to grant the State's motion to dismiss. *Id.*

    McFadden contends her case is distinguishable from *Voss*. In McFadden's view, the fatal flaw in *Voss* was that the decedent's mother

was not actually the administrator of the estate at the time she presented the claim to the appeal board. *See id.*; *see also Estate of Dyer v. Krug*, 533 N.W.2d 221, 224 (Iowa 1995) (holding dismissal was proper because "at the time th[e] action was commenced, [the plaintiff] did not have the capacity to sue" because she was not the estate administrator). Here, by contrast, although McFadden's claim filed with the appeal board did not include the word "administrator," she was in fact the administrator at the time she presented the claim.[3] We agree *Voss* is distinguishable and conclude McFadden correctly identifies the reason.

In two cases decided more than eighty years ago, before the ITCA was adopted, we concluded the district court should have dismissed surviving spouses' suits for wrongful-death damages because they were not actually their decedents' personal representative at the time of filing even though their petitions alleged they were. *Pearson v. Anthony*, 218 Iowa 697, 702–03, 254 N.W. 10, 12–13 (1934); *Gardner v. Beck*, 195 Iowa 62, 70–71, 189 N.W. 962, 966 (1922). Together with *Voss*, these cases illustrate that both before and after the adoption of the ITCA, the claimant's authority to act as personal representative is an essential prerequisite in asserting wrongful death claims. Because McFadden actually possessed representative capacity at the time she filed her claim with the appeal board, *Voss* does not control our decision here.

**C. Appeal Board Rules.** The ITCA directs the appeal board to "adopt rules and procedures for the handling, processing, and

---

[3]The cause of action for the death of Charles McFadden survived his death. Iowa Code § 611.20. Because Deborah McFadden was appointed administrator of Charles's estate, she was the proper legal representative to assert a wrongful-death claim in this case. *Id.* § 611.22; *see also Audubon-Exira*, 335 N.W.2d at 152 (holding the administrator of a decedent's estate is the proper party plaintiff for asserting a surviving spouse's loss of consortium claim).

investigation of claims." Iowa Code § 669.3(3). In turn, the appeal board "has prescribed the form and content of tort claims." *Swanger*, 445 N.W.2d at 350; *see* Iowa Admin. Code rs. 543—1.3 to .4. By rule, the appeal board requires claimants to state "the name, address, telephone number, and age of the person making the claim." Iowa Admin. Code r. 543—1.3(3). The rule does not specifically require claimants to list their representative capacity. *See id.* But the State contends here that express disclosure of representative capacity is an indispensable part of the claimant's "name" when they are seeking damages for wrongful death. We disagree.

Under our civil procedure rules, an estate administrator is the real party in interest when acting on the estate's behalf and "may sue in that person's own name." Iowa R. Civ. P. 1.201. Thus, because McFadden was the duly appointed administrator of her deceased husband's estate at the time she presented her claim to the appeal board, she was entitled to proceed in her own name. Her name is "Deborah McFadden," not "Deborah McFadden, administrator." Furthermore, McFadden provided all the other information rule 543—1.3(3) and the appeal board's form require. Her claim, while perhaps Spartan, was complete.

We conclude McFadden exhausted her administrative remedies and properly presented her claim to the appeal board. We acknowledge that the presentment requirement is not just a nettlesome hurdle for claimants to trip over, but McFadden's claim form answered all the questions the State asked and contained all the information its administrative rule requires. Of course, our decision today does not mean *every* claim form submitted to the appeal board necessarily satisfies the presentment requirement. *See Allendorf v. Langman Constr., Inc.,* 539 N.W.2d 370, 372 (Iowa 1995) ("[W]e stop short of concluding

that under no circumstances may a claim filed with the state appeal board be so lacking in critical information as to be a nullity for purposes of exhausting the administrative remedy."). But McFadden's claim form complied with all the applicable requirements under the circumstances presented here.

### IV. Conclusion.

Words this court expressed nearly a century ago ring true again today:

> [R]ights must not be denied by too strict an application of mere legal formality. The sword of Justice is not often made more keen by the whetstone of technicality, and a right secured by too rigid means may harden into a wrong. . . . Not only must justice appear to be done, but it is the function and duty of this court and of all courts to see that it is done. Technicality should not become a Pegasus which, if ridden by an expert legal jockey, may carry us far from the true goal.

*McMillan v. Osterson*, 191 Iowa 983, 985, 183 N.W. 487, 488 (1921). The appeal board's rules and claim form did not require McFadden to allege her representative capacity in presenting the tort claim in this case. Because McFadden had been appointed administrator before presenting her tort claim to the appeal board, she was entitled to present the claim and file suit in her own name as the estate's legal representative. We vacate the decision of the court of appeals, reverse the district court's dismissal order,[4] and remand for further proceedings.

---

[4]Because McFadden did not appeal the dismissal of her individual consortium claim or the dismissal of the Department of Transportation as a named defendant, our decision today does not disturb the district court's summary judgment ruling on those matters.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**